IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PRODUCE ALLIANCE, L.L.C.,<br><br>        Plaintiff,<br><br>    v.<br><br>SHEPPARD PRODUCE, INC.<br>D/B/A S&G PRODUCE COMPANY,<br>et al.,<br><br>        Defendants. | Case No. 1:CV 11-243-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it an *ex parte* motion for temporary restraining order (TRO) filed by plaintiff Produce Alliance. The Court held a hearing by telephone on May 26, 2011. All parties were represented by counsel and were present for the hearing. For the reasons explained below, the Court will grant the motion for TRO.

## ANALYSIS

The complaint alleges that defendant Sheppard Produce has never paid for produce it received from Produce Alliance worth $847,511.65. The declaration of Robert Feldgreber, the chief financial officer for Produce Alliance, states that the produce at issue was sold and delivered to Sheppard Produce between October 20, 2010, and May 18, 2011, but that no payments have been made. Feldgreber has spoken with the principal of Sheppard Produce – Stanley Sheppard – twice a week for the last two months demanding payment but received

**Memorandum Decision & Order - 1**

nothing other than two checks that were both rejected for insufficient funds.  *See Feldgreber Declaration (Dkt. 2)* at p. 3.  Feldgreber has also received information that Sheppard Produce has assigned certain accounts receivable to the D.L. Evans Bank, indicating that Sheppard Produce is using produce proceeds as security and diverting assets from suppliers to banks.  *See Feldgreber Supplemental Declaration (Dkt. 7)* at p. 2.

To be entitled to a TRO, Produce Alliance must show:  (1) a likelihood of success on the merits; (2) that irreparable harm is likely, not just possible, if the TRO is not granted; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest.  *See Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011); Fed.R.Civ.P. 65(b).  If requirements (2) and (4) are satisfied, and the balance of equities "tips sharply in the plaintiffs' favor," the plaintiff need only raise "serious questions going to the merits" to be entitled to injunctive relief.  *Id*. at 1134-35 (holding that this aspect of the Ninth Circuit's sliding scale test survived Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)).

Produce Alliance brought this suit under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §§ 499a-499t.  PACA establishes a nonsegregated trust in which a produce dealer holds produce-related assets in trust as a fiduciary until full payment is made to the produce seller.  *Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.,* 307 F.3d 1220 (9th Cir. 2002).  The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received.  *Id.* at 1224.  PACA was intended "to increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due have been received by them."  *Id. (*quoting 1984

**Memorandum Decision & Order - 2**

U.S.C.C.A.N. 405).

Produce Alliance's moving papers show that it fits within the category of produce suppliers that PACA was intended to protect, and an injunction would be within the public interest. Moreover, the balance of equities favors Produce Alliance because it has received nothing while Sheppard Produce has presumably been able to sell the produce and receive some return.

The Court turns next to whether Produce Alliance is (1) likely to prevail on the merits and (2) is likely to suffer irreparable harm if the TRO is not issued. The record reveals that Sheppard Produce is likely dissipating the sales proceeds it received from Produce Alliance's produce. Sheppard Produce's checks have bounced, it has refused to pay or commit to pay despite months of demands, and it granted at least one bank a security interest in its accounts receivable. This sounds like Sheppard Produce is suffering financial difficulty and using the proceeds from selling Produce Alliance's produce for purposes other than repaying Produce Alliance. Given this, it is likely that Produce Alliance will suffer irreparable harm if the TRO is not issued and the funds are not sequestered in a trust account. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.,* 222 F.3d 132, 139 (3rd Cir. 2000) (holding in a PACA case that once the sales proceeds are "dissipated, it is almost impossible for a beneficiary to obtain recovery"). Moreover, PACA is clearly a supplier's statute, and so it is no great reach to find that Produce Alliance is likely to prevail on the merits.

Thus, Produce Alliance has met all the requirements for injunctive relief set forth in *Cottrell* and Rule 65(b), discussed above. Obviously, this decision was rendered with less than a full record and full argument, and so the findings in this decision are subject to modification.

**Memorandum Decision & Order - 3**

The Court is simply holding here that the Produce Alliance has met the threshold requirements for issuance of a TRO. The Court expresses no opinion on whether a preliminary injunction is appropriate.

The Court has some concern about the scope of the TRO proposed by Produce Alliance. It seeks to prevent Sheppard Produce from making any payments to anyone until it pays Produce Alliance. In other words, Produce Alliance proposes placing a statutory trust on all the proceeds of Sheppard Produce. While the breadth of such a trust is obviously extensive, that is precisely the intent behind PACA, as indicated by the statutory language:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker *in all transactions*, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

*See* 7 U.S.C. § 499e (emphasis added). Accordingly, the Court approves the proposed TRO submitted by Produce Alliance.

Finally, Produce Alliance seeks to waive the bond, but Rule 65(c) contains no exception for the bond requirement. Thus, the Court will require a bond.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Produce Alliance's motion for temporary restraining order (docket no. 2) is GRANTED, and that defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Sheppard Produce, Inc. d/b/a S&G Produce Company or its

subsidiaries or related companies except for payment to plaintiff until further order of this Court or until defendants pay plaintiff the sum of $847,511.65 by cashiers check or certified check, at which time this Order is dissolved.

IT IS FURTHER ORDERED that in the event defendants fail to pay plaintiff $847,511.65 by cashiers or certified check within two (2) business days of service of this Order, then the defendants shall file with this Court, with a copy to plaintiff's counsel, an accounting that identifies all of their assets, liabilities and each account receivable of Sheppard Produce, Inc. d/b/a S&G Produce Company signed under penalty of perjury; and that defendants shall also supply to plaintiff's attorney, within five (5) days of the date of this Order, any and all documents in connection with the assets and liabilities of Sheppard Produce, Inc. d/b/a S&G Produce Company and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

IT IS FURTHER ORDERED, that after finding good cause for extending the TRO beyond the 14 day period permitted by Rule 65(b)(2), but not beyond 28 days, the TRO shall expire on June 23, 2011.

IT IS FURTHER ORDERED, that a hearing shall be held on plaintiff's motion for preliminary injunction on June 22, 2011, at 2:00 p.m. in the Federal Courthouse in Boise Idaho.

IT IS FURTHER ORDERED, that defendants file a response to plaintiff's motion for preliminary injunction on or before June 10, 2011, and that plaintiffs file a reply brief on or before June 17, 2011.

IT IS FURTHER ORDERED, that plaintiff immediately submit a bond pursuant to

**Memorandum Decision & Order - 5**

Federal Rule of Civil Procedure 65(c) in the sum of $5,000. Bond may be posted in cash with the Clerk's Office.

DATED: **May 26, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court