IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PRODUCE ALLIANCE, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>SHEPPARD PRODUCE, INC.<br>D/B/A S&G PRODUCE COMPANY, et al<br><br>Defendants. | Case No.: 1:11-cv-00243-BLW<br><br>**CONSENT INJUNCTION AND AGREED ORDER ESTABLISHING PACA TRUST CLAIMS PROCEDURE** |

**WHEREAS**, on May 23, 2011, Produce Alliance, LLC ("Plaintiff") commenced the instant action against Defendants Sheppard Produce, Inc. d/b/a S&G Produce Company ("S&G Produce Company"), and its principals, Stanley R. Sheppard and Marilyn C. Sheppard (collectively, the "Defendants") to enforce the trust provisions of Section 5 (c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA").

**WHEREAS**, on May 26, 2011, the Court entered a Temporary Restraining Order ("TRO") prohibiting the dissipation or alienation of any assets of Defendant S&G Produce Company and its related companies pending a hearing on Plaintiff's Motion for Preliminary Injunction.

**WHEREAS**, the trust provisions of PACA establish a statutory, non-segregated trust under which Defendants are required to hold all qualified trust assets including but not limited to inventory, proceeds, and accounts receivable in trust for qualified beneficiaries until full payment is made. 7 U.S.C. §499e(c)(2).

**WHEREAS**, on or about June 6, 2011 S&G Produce Company was in the process of winding down its business operations.

**WHEREAS**, counsel for Plaintiff and Defendants have conferred and reached an agreement regarding the terms of this Consent Injunction (the "Order") to establish the manner in which the remaining assets of S&G Produce Company will be liquidated and the rights, liens, claims and priorities determined as to these assets.

Accordingly, **IT IS STIPULATED AND AGREED,** by and between Plaintiff and Defendants as follows:

A) S&G Produce Company consents to the entry of an Injunction against it upon the terms reflected in this Order and any additional terms this Court deems necessary to give effect to this joint request for issuance of this Order.

B) S&G Produce Company recognizes that Plaintiff and other similarly situated unpaid suppliers of produce may be entitled to a beneficial interest in the single pool of S&G Produce Company's PACA trust assets as defined by applicable law and regulation as perishable agricultural commodities, inventory of food or products derived from such perishable agricultural commodities, and receivables or proceeds from the sale of such commodities and food or products derived therefrom ("PACA Trust Assets"). Plaintiff reserves the right to assert that other assets of S&G Produce Company and any affiliated entities should be considered or deemed to be included within the definition of PACA Trust Assets, including without limitation, non-produce related inventory, furniture, fixtures, equipment, vehicles, leases, real property, and leasehold improvements (the "FF&E"). Plaintiff reserves all rights and claims in and to the assets of S&G Produce Company and/or any proceeds realized therefrom, and also reserves the right to pursue its deficiency claims, if any, against the principals of S&G Produce Company and potential transferees of PACA Trust Assets. Defendants

reserve all rights, liens, claims and defenses regarding the amount, validity, and PACA trust status of the claims of Plaintiff or any other similarly situated PACA trust beneficiaries, as well as all rights, liens, claims and defenses regarding all assets of S&G Produce Company.

C) The parties agree that this Order is reasonable and necessary to provide a procedural framework for the orderly liquidation of S&G Produce Company's PACA Trust Assets and FF&E, and to review, qualify and satisfy any and all claims against the PACA Trust Assets, to maximize the recovery for all unpaid beneficiaries of the PACA trust, and to ensure the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce S&G Produce Company's obligations to all potential PACA trust beneficiaries.

D) This Order may be executed in any number of counterparts with the same effect as if all signatories had signed the same document. All counterparts must be construed together to constitute one instrument.

Based on the foregoing, **IT IS HEREBY ORDERED,** as follows:

**I.** **CONSENT INJUNCTION**

1. Pursuant to Fed. R. Civ. P. 65, this Order is binding upon the parties to this action, their officers, agents, employees, banks, or attorneys and all other persons or entities who receive actual notice of the entry of this Order. In this regard, Defendants are hereby directed to serve a copy of this Order on all financial institutions with which they do any business, or who may be holding any assets for or on behalf of it. S&G Produce Company, its agents, employees, officers, directors, creditors and representatives are restrained and enjoined from hypothecating, transferring,

dissipating, levying or executing on any assets of S&G Produce Company except as set forth in this Order.

    a. <u>Exclusion from Injunction</u>: Sheppard Transportation, LLC is hereby released and excluded from the injunction set forth above. Plaintiff reserves the right to later assert that Sheppard Transportation, LLC is in unlawful possession of PACA trust assets and/or that it is otherwise liable to Plaintiff under the trust provisions of the PACA, 7 U.S.C. § 499e(c).

## II.    LIQUIDATION OF ACCOUNTS RECEIVABLE, INVENTORY, EQUIPMENT AND VEHICLES

2.    Defendants shall provide a detailed listing of all outstanding accounts receivable (the "Receivables"), accounts payable and all other assets held in S&G Produce Company's name to the signatories of this Order within five (5) business days of the date of this Order. Such information shall be as current as possible. D.L. Evans Bank shall provide an accounting of any and all funds belonging to Defendants in the possession of D.L. Evans Bank, including but not limited to bank statements from December 1, 2010 through the present date, activity reports, and accountings.

3.    Defendants, through its employees and pursuant to a Budget agreed to in writing by Counsel for Plaintiff and Counsel for Defendants , with the assistance of Plaintiff's counsel, shall identify and collect the accounts receivable of S&G Produce Company and preserve funds so collected for the benefit of all PACA trust creditors of Defendants, as their respective interests may appear, by depositing them in the operating account of Defendant S&G Produce Company at D.L. Evans Bank ("D.L. Evans Account"). Any and all funds of S&G Produce Company currently held in a

lockbox by D.L. Evans Bank shall be deposited in the D.L. Evans Account. Defendants may also sell for fair market value any inventory and deposit the proceeds of such inventory into its D.L. Evans Account. Defendants, with the written consent of counsel for Plaintiff, may dispose of any perishable goods which no longer have any market value.

4. No distributions or withdrawals may be made from the D.L. Evans Account, except as agreed to in writing by Counsel for Plaintiff and Counsel for Defendants or by further order of this Court. The D.L. Evans Account is not subject to execution by any other creditor of S&G Produce Company or its affiliated or related companies. The sole signatory to the D.L. Evans Account shall be changed forthwith to counsel for Defendants, Brent T. Robinson, Esq.,. Counsel for Defendants shall promptly forward to Counsel for Plaintiff all monthly statements from the D.L. Evans Account.

5. Immediately upon entry of this Order, Defendants and any and all third parties, including D.L. Evans Bank, shall transfer any and all sums held in S&G Produce Company's name, or otherwise derived from S&G Produce Company's PACA Trust Assets, into the D.L. Evans Account. Defendants and all third parties shall continue depositing all proceeds realized from S&G Produce Company's accounts receivable and liquidation of inventory into this account.

6. US Bank is authorized and directed to release the funds S&G Produce's account ending in 6076 for the limited payroll expenses in the total amount of $13,145.52 as set forth in the Check Register attached hereto as Exhibit A. The

remaining balance of funds on deposit at U.S. Bank will be turned over to Counsel for Plaintiff to be deposited into the D.L. Evans Account.

## III.     **ESTABLISHMENT OF THE ESCROW ACCOUNT.**

7.     Defendants are hereby directed to, within three (3) business days of this Order, open an account at a federally insured financial institution, with such account to be opened under the account name of "S&G Produce Company Escrow Account," (the "Escrow Account").  Counsel for Defendants, Brent T. Robinson, Esq. shall be the sole signatory on the account.  S&G Produce Company is hereby authorized to liquidate any and all of S&G Produce Company's FF&E as defined in paragraph B, above by commercially reasonable means agreed upon in writing by counsel for Plaintiff and Counsel for Defendants.  Any and all funds realized from the liquidation of the S&G Produce Company FF&E will be deposited in the Escrow Account and will retain their character as identifiable proceeds of such assets.  Any and all claims, liens, or interests in the proceeds deposited in the Escrow Account, including any claims of the PACA trust creditors, shall attach to the proceeds realized from the sale of such assets.

8.     No distributions or withdrawals may be made from the Escrow Account, except as authorized in this Order, by agreement in writing between Counsel for Plaintiff and Counsel for Defendants, or by further order of this Court.  The Escrow Account is not subject to execution by any other creditor of S&G Produce Company or its affiliated or related companies.  Counsel for Defendants shall promptly forward to Counsel for Plaintiff all monthly statements from the Escrow Account.

9.     Any and all interest which accrues on the funds held in the name of S&G

Produce Company, from the date the account was opened to the date of distribution, shall follow the funds into the hands of the party ultimately deemed entitled to such funds.

10. In order to facilitate the liquidation and collection of the assets of S&G Produce Company, Defendants may use funds from the D.L. Evans Account and the Escrow Account pursuant to the Budget agreed to in writing by Counsel for Plaintiff and Counsel for Defendants.

11. Defendants shall provide Plaintiff with access to the business books and records of S&G Produce Company, including, without limitation, all invoices, credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists and vendor invoices.

## IV. **CLAIMS PROCEDURE**

12. The efficient administration of justice requires that all persons claiming to be PACA trust creditors of S&G Produce Company assert their rights in this action by an established bar date in order to close the class of PACA creditors, to prove their claims, share in any distribution of trust assets recovered, avoid duplicate actions and determine the amount of liability, if any, of S&G Produce Company.

13. Joinder of all potential PACA trust creditors shall be accomplished by counsel for S&G Produce Company using addresses provided by S&G Produce Company notifying all potential PACA trust claimants of S&G Produce Company, as identified in S&G Produce Company's most recent accounts payable list, who have not appeared in this action that they must intervene in this action by filing and serving a Complaint in Intervention which complies with Rules 8 and 24 of Federal Rules of Civil Procedure and

filing and serving a Declaration in Support of PACA Trust Claim ("PACA Proof of Claim") by the "Deadline to Intervene & File PACA "Proof of Claim" set forth below or lose their rights as PACA trust creditors. All persons or entities who claim to be a PACA Trust Creditor of S&G Produce Company are hereby granted leave to intervene, or if they are already parties to this matter, amend their complaint, pursuant to the procedure set forth below and, upon such intervention, each such entity shall be bound by all Orders entered in this case.

> **Counsel for Defendant to Issue Notice of Deadlines…………….July 1, 2011**
> **Deadline to Intervene & File PACA Proof of Claim…………..…….July 29, 2011**
> **Deadline for Objections to Claims………………………....….August 26, 2011**
> **Deadline for Responses to Claims Objections………........September 9, 2011**
> **Deadline to File PACA Trust Chart and Move for Interim Distribution of**
> **    Available Funds………………………September 16, 2011**
> **Deadline to File Objections to PACA Trust Chart and Motion for Interim**
> **    Distribution of Available Funds……September 27, 2011**
> **Deadline to Reply to Objection to PACA Trust Chart and Motion for Interim**
> **    Distribution of Available Funds …October 7, 2011**

14.   Counsel for Defendant S&G Produce Company shall notify all potential PACA trust claimants of the PACA trust claim procedure set forth herein by registered or certified mail, return receipt requested, by mailing a notice in the form attached hereto as Exhibit "B", on or before "Counsel for Defendant to Issue Notice of Deadlines" set forth above. The reasonable costs and attorney's fees incurred in disseminating this Notice shall be deducted from the proceeds identified as PACA trust assets after court approval.

15.   Any creditor claiming PACA trust rights against Defendants and wishing to share in any distribution in this action must:

   a.   On or before the "Deadline to Intervene and File PACA Proof of Claim," file the Complaint in Intervention and a PACA Proof of Claim substantially similar to the form attached hereto, together with all

- 8 -

supporting documents with the Office of the Clerk of the Court, U.S. District Court for the District of Idaho, Boise Division, James A. McClure Federal Building and United States Courthouse, 550 West Fort Street, Room 400, Boise Idaho 83724-0101, and serve the Complaint in Intervention and PACA Proof of Claim, with all supporting documentation, on all counsel of record in this case as follows:

    1)    Louis W. Diess, III, Esq. and Kate Ellis, Esq., McCarron & Diess, 4530 Wisconsin Avenue, NW, Suite 301, Washington, D.C. 20016, counsel for Plaintiff; and

    2)    Brent T. Robinson, Esq., Robinson, Anthon & Tribe, 615 H. Street, P.O. Box 396, Rupert, Idaho 83350, counsel for Defendants.

16. Any party in interest, including the Defendants, shall be permitted to assert any and all rights, claims, liens and defenses, including claims of offset in this claims procedure.

17. **<u>ANY CLAIMS NOT TIMELY FILED AND SERVED SHALL BE FOREVER BARRED</u>** and any documents relied upon by the PACA claimant to support its claim which are not filed and served in accordance with paragraph 15, shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

18. Any objection to the PACA Proof of Claim, which may be made by any party in interest, shall be filed with the Court and served upon the PACA claimant and all counsel listed in paragraph 15 on or before the "Deadline for Objections to Claims" set

forth above. Any and all objections to PACA claims must set forth **in detail** the legal and factual basis for the objection; any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the objection. Any objections to any PACA claims shall be deemed waived if not raised as specified herein.

19. On or before the "Deadline for Responses to Claims Objections," the PACA claimant shall file with the Court and serve on all counsel listed in paragraph 15 and the attorney for the objecting party, a response to the objection which shall include a request for a hearing to determine the validity of the PACA claim.

20. Any PACA Proof of Claim to which no objection has been filed by the objection date shall be deemed a valid PACA trust claim for the amount stated in the PACA Proof of Claim.

21. Claims for which an objection has been filed and no timely response was filed shall be disallowed to the extent of the objection. Any claim subject to an objection which does timely file a response will be determined after a court hearing, or by stipulation between the objector and claimant and request for Court approval. The first hearing on objections to PACA claims and responses shall be a status/settlement conference, and the Court will make appropriate orders to resolve same. Counsel for the parties shall communicate prior to the hearing to discuss settlement.

22. On or before the "Deadline to File PACA Trust Chart and Move for Interim Distribution," Counsel for Plaintiff shall prepare a chart listing each party or entity having properly and timely filed a verified PACA Proof of Claim, the amount of its claim as set forth on the PACA Proof of Claim, the amount which is deemed valid due to no objections

being filed and the amount, if any, subject to a pending objection (the "PACA Trust Chart"). The PACA Trust Chart will also list the funds available for an immediate distribution ("Available Funds") from the D.L. Evans Account and the Escrow Account. Plaintiff shall simultaneously file with the Court and serve on all parties a motion requesting distribution of the Available Funds to the qualified PACA trust creditors in accordance with the PACA Trust Chart. The PACA Trust Chart and Motion for Interim Distribution shall be filed with the Court and served upon all parties.

23. Any objection to the PACA Trust Chart or Motion for Interim Distribution of Available Funds, which may be made by any party in interest, shall be filed with the Court and served on all counsel listed in paragraph 15 on or before the "Deadline to File Objections to PACA Trust Chart and Motion for Interim Distribution of Available Funds" set forth above. Absent an objection, Counsel for Defendants shall, and is hereby authorized to, make an interim distribution of Available Funds to be paid pro-rata to the holders of valid claims listed on the PACA Trust Chart. Counsel for Defendants shall make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions. Each attorney has the duty to then distribute the funds to his or her clients in accordance with the PACA Trust Chart. The pro-rata portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to the particular proposed distribution is resolved. Upon resolution of the objection, the reserve portion is either used to make the pro-rata distribution to the claim if the claimant prevails or is made available for distribution to other valid claims if the objection is sustained.

24. On or before the "Deadline to Reply to any Objection to PACA Trust Chart Motion for Interim Distribution of Available Funds" any movant may file with the Court and serve on all parties and the attorney for the objecting party, a reply to the objection which may include a request for a hearing.

25. This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets, the D.L. Evans Account and the Escrow Account established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

26. So that all trust beneficiaries share the burden of the expenses incurred in administering the trust on the same pro-rata basis as they are accepting the benefits of such actions, including the prospective costs of marshalling the trust assets for their benefit; that the Court will direct payment of <u>reasonable</u> reimbursement for attorneys' fees and costs to Plaintiff and/or Defendants, to the extent their actions benefit the trust beneficiaries, and reimbursement of their costs upon separate application and order, after notice to all creditors and hearing if necessary.

27. Since the initial disclosures and discovery are, in part, being provided for in this Order, the parties to this action are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure until the "Interim Distribution Deadline" set forth herein.

28. Counsel for Plaintiff and Counsel for Defendants shall have no responsibility or obligation to any person or entity with respect to the Escrow Account or D.L. Evans Account, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order and other Orders of this Court. Counsel for Plaintiff and Counsel for Defendants may rely upon and shall be protected in acting or

refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Defendant's books and records) reasonably believed by Counsel for Plaintiff and Counsel for Defendants to be genuine and to have been signed or presented by the proper party or parties, or their counsel.  Counsel for Plaintiff and Counsel for Defendants shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document.  Counsel for Plaintiff and Counsel for Defendants shall not be liable for any mistake of fact or error or judgment or for any act done or omitted in good faith as required or permitted by this or other orders of this Court.  Counsel for Plaintiff and Counsel for Defendants shall be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account.

29.     Plaintiff withdraws the Emergency Application for Order to Show Cause filed on June 2, 2011 [Doc. 16], without prejudice to its right to request such relief at a later time.  The hearing on the Order to Show Cause set for June 15, 2011 is hereby canceled.

30.     The hearing on Plaintiff's Motion for Preliminary Injunction set for June 21, 2011 is hereby canceled.

**STIPULATED AND AGREED BY THE PARTIES:**

| MAHONEY LAW, PLLC | ROBINSON, ANTHON & TRIBE |
|---|---|
| By:/s/ Patrick E. Mahoney<br>Patrick E. Mahoney, ISB #5242<br>The Veltex Building<br>420 W. Main Street, Suite 206<br>Boise, Idaho 83702<br>Phone:  (208) 345-6364<br>Fax:  (208) 336-2088<br>patrick@patrickmahoneylaw.com | By:/s/ Brent T. Robinson<br>Brent T. Robinson, ISB #1932<br>615 H. Street<br>P.O. Box 396<br>Rupert, Idaho 83350<br>Phone: (208)436-4717<br>Fax: (208)436-6804<br>btr@idlawfirm.com |

and

McCARRON & DIESS
Louis W. Diess, III, *Pro Hac Vice*
Kate Ellis, *Pro Hac Vice*
4530 Wisconsin Ave., NW
Suite 301
Washington , DC 20016
Phone: (202) 364-0400
Fax: (202) 364-2731
ldiess@mccarronlaw.com
kellis@mccarronlaw.com


Date: **Jun 15, 2011**

B. LYNN WINMILL
Chief District Judge
United States District Court