IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| PRODUCE ALLIANCE, L.L.C., | |
|---|---|
| Plaintiff, | Case No. 1:CV 11-243-BLW |
| v. | **MEMORANDUM DECISION** |
| SHEPPARD PRODUCE, INC. D/B/A S&G PRODUCE COMPANY, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it a motion for first interim distribution and a motion to amend filed by the plaintiffs. The motions are fully briefed and at issue. The Court will grant both motions in a separate Order for the reasons expressed below.

## LITIGATION BACKGROUND

On May 23, 2011, plaintiff Produce Alliance filed this action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), claiming that defendant Sheppard Produce failed to pay for produce delivered by Produce Alliance. On June 15, 2011, this Court entered a Consent Injunction establishing a PACA Trust Claims Procedure ("Claims Order"). The Claims Order sets forth a procedure to determine and distribute PACA claims to the liquidated assets of Sheppard Produce.

**Memorandum Decision - 1**

Pursuant to the Claims Order, Andrew & Williamson intervened as a plaintiff in this action on July 26, 2011, and asserted a PACA claim of $11,963.74. The original plaintiff, Produce Alliance, asserted a PACA claim of $915,020.60.

The Claims Order required parties to file objections to any PACA claims by August 26, 2011. *See Claims Order (Dkt. No. 25)* at ¶ 13. The Claims Order further required claimants receiving an objection to their claims to file and serve responses to said objections by September 9, 2011. *Id*. at ¶ 13.

## ANALYSIS

### Claim Objections

No objection was filed to Andrew & Williamson's claim. Sheppard Produce objected to Produce Alliance's claim and requested that the claim be reduced in the amount of $9,627.32 on the ground that Sheppard Produce's accounts payable showed an amount due reduced by this sum. Sheppard Produce has failed to support its assertion with any affidavit or other filing even though the Claims Order required that the PACA claims "must set forth in detail the legal and factual basis for the objection." In contrast, Produce Alliance set forth in two detailed declarations of Robert Feldgreber the sums owed, including the $9,627.32 in issue. The Court will therefore reject the objection of Sheppard Produce on this issue.

Two employees have filed claims for past due wages. Under PACA, the PACA trust funds are held entirely for the benefit of unpaid sellers of perishable agricultural commodities. *See* 7 U.S.C. § 499(e)(c). The PACA Trustee is authorized to use the trust

**Memorandum Decision - 2**

assets of a PACA trust to pay employee wages but only so long as the Trustee is sure that enough funds remain in the trust to pay all PACA claims. *See D.M. Rothman & Co., Inc. v. Korea Commercial Bank of New York*, 411 F.3d 90 (2nd Cir. 2005). Here, the PACA claims total $1,663,010.92 but there is currently only about $540,743.91 in the Trust. Thus, the wage claims cannot be paid at this time.

However, as discussed further below, the plaintiffs are pursuing additional claims in this case to increase the funds in the Trust. It is not clear how much plaintiffs are seeking, and thus even if the claims are successful, it is not clear if the Trust will ever have enough money to pay all PACA claims. But it is clear that the Trust currently cannot pay both types of claims, and thus the Court will reject payment of the wage claims in this first interim distribution, which will go entirely to PACA claimants. The Court will leave for a later decision whether sufficient funds exist to pay all PACA claims, a necessary requirement for the wage claims to be paid.

**First Interim Claim Distribution**

Now that the objections have been resolved, the claims are deemed valid under PACA. The plaintiffs have submitted a proposed Order that directs the Trustee of the PACA Trust to make a first interim distribution to certain claimants. There is no objection filed to that proposed Order. The Court will therefore enter that Order as a separate document.

**Motion to Amend Complaint and Substitute Party**

Plaintiffs seek to amend their complaint to add claims that D.L. Evans Bank and

**Memorandum Decision - 3**

Sheppard Transportation LLC improperly received assets from the PACA trust.  Plaintiffs also notify the Court that defendant Marilyn Sheppard has passed away, and so they seek to substitute Stan R. Sheppard, in his capacity as Personal Representative of the Estate of Marilyn C. Sheppard, as a party defendant for Marilyn Sheppard.  No objections having been received, the Court will grant both the motion to amend the complaint and the motion to substitute the party.

Many of the other claimants have filed similar motions to amend, and the Court will grant each of them.

## Conclusion

For the reasons expressed above, the Court will grant the motion for first interim distribution and the motions to amend and substitute.  The Court will issue a separate Order as the distribution is somewhat detailed.

DATED:  **February 1, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision - 4**