IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PRODUCE ALLIANCE, L.L.C.,<br><br>       Plaintiff,<br><br>   v.<br><br>SHEPPARD PRODUCE, INC.<br>D/B/A S&G PRODUCE COMPANY,<br>et al.,<br><br>       Defendants. | Case No.  1:CV 11-243-BLW<br><br>**MEMORANDUM DECISION AND ORDER TO SHOW CAUSE** |

## INTRODUCTION

The Court has before it plaintiff's motion for an order to show cause why the Sheppard defendants[1] and their counsel should not be sanctioned and/or held in contempt for discovery abuses.  Plaintiff also seeks to stay the dispositive motion deadline due to Sheppard's discovery abuses.  For the reasons set forth below, the Court will grant both motions.

## ANALYSIS

Plaintiff Produce Alliance filed this motion after defendant Sheppard Produce failed to respond to discovery requests, and failed to comply with Court-ordered deadlines to produce the discovery.  The day after Produce Alliance filed its motion, Sheppard produced some documents in response to the discovery requests.  Produce Alliance claims the late response is insufficient.

---

[1]  The Sheppard defendants are (1) Sheppard Produce Inc, dba S&G Produce; (2) Stanley Sheppard; (3) Stanley Sheppard as Personal Representative of the Estate of Marilyn Sheppard; and (4) Sheppard Transportation.  The Court will refer to them collectively as Sheppard for ease of reference.

For example, Produce Alliance asked for Sheppard's bank statements, canceled checks, and other financial documents for its bank accounts from 2009.  Sheppard's response instructed Produce Alliance to subpoena these documents from the banks.  Rule 34(a) authorizes Produce Alliance to request documents "within [Sheppard's] possession, custody or control."  Even if Sheppard does not have possession of its canceled checks, they are certainly under its control; Sheppard could obtain them from its bank and produce them.  If that is too burdensome, or if the records are actually not under its control, Sheppard could have explained that in its response and/or filed a motion for protective order under Rule 26(b).  But Sheppard apparently decided instead to simply not produce the documents.  That option is nowhere authorized by the Rules.

Sheppard makes the same insufficient response to a request for all documents "establishing the source of funds used to pay any mortgage or loan secured by the real property" located at a certain address in Twin Falls, owned by Sheppard.  Sheppard responds, "[d]o not have such."  Once again, these are the type of documents that would typically be under the control of Sheppard even if not in its possession, and should have been produced.  At the very least, Sheppard should have explained why the documents were not under its control or were too burdensome to produce.

As another example, Produce Alliance asks for all documents relating to the relationship between defendants and Sheppard Transportation (the request was made before Sheppard Transportation was later added as a defendant.  Sheppard responded, "[t]he only relationship was that Sheppard Transportation hauled produce for S&G Produce."  Later, Sheppard Transportation responded – well after the deadline set by the Court – that it had no relationship with S&G Produce.  Yet balance sheets provided by Sheppard include as an asset a loan to

**Memorandum Decision - 2**

Sheppard Transportation having a value of $40,000.  In addition, defendant Stanley Sheppard is the principal of both S&G Produce and Sheppard Transportation.  This at least raises an issue as to whether trust assets were transferred from S&G Produce to Sheppard Transportation, and therefore makes the relationship between the entities fair game for discovery.  Moreover, there is a substantial question raised as to whether Sheppard Transportation's response – that there is no relationship – is incomplete.

There are many other examples of Sheppard's discovery responses that appear to be insufficient under the Rules.  To make a final ruling on that issue, the Court will need to hear counsel in open court.

Produce Alliance has at least raised a serious question whether Sheppard should be sanctioned for discovery abuse.  Rule 37(4) states that "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond."  The sanctions under Rule 37(a)(5) or (b) could include the attorney fees and costs incurred by Produce Alliance in seeking to compel production of this material.  Those sanctions may be issued against "the party or attorney advising the conduct" under Rule 37(a)(5)(A).  Thus, the Court could issue sanctions against defendants' attorney Brent T. Robinson if the Court finds that he was "advising the conduct" found to constitute an abuse of the discovery process.  *See Dobrowski v Sacramento County*, 2013 WL 506459 (E.D. Cal. Feb. 8, 2013) (issuing sanctions against counsel for a failure to respond to discovery requests).  Sanctions for violating a court order may include a finding of contempt under Rule 37(b)(2)(A)(vii).[2]

---

[2]  One of the defendants, Sheppard Transportation, was not originally a defendant but was added later.  It was served by subpoena and is subject to contempt for failing to obey the subpoena under Rule 45(e).

**Memorandum Decision - 3**

Accordingly, the Court will grant Produce Alliance's motion, and order Sheppard and its counsel to show cause why they should not be held in contempt and/or pay sanctions.  The scope of that hearing will address Produce Alliance's claims that Sheppard failed to produce discovery by the Court-ordered deadline, and that its late disclosure was insufficient.  At the conclusion of that hearing, the Court will determine (1) whether Sheppard's production was insufficient; (2) whether Sheppard should be compelled to produce further documents, and (3) whether Sheppard and/or its counsel should be sanctioned and/or held in contempt.

Produce Alliance has also moved to stay or extend the dispositive motion deadline – that has since passed – due to Sheppard's discovery abuses.  The Court will grant that motion and reset the deadline after the hearing.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for order to show cause (docket no. 239) is GRANTED.

IT IS FURTHER ORDERED, that defendants and defense counsel Brent T. Robinson appear on **March 25, 2013, at 2:00 pm** in the Federal Courthouse in Boise Idaho to show cause why they should not be held in contempt and/or sanctioned for discovery abuses, as discussed above.

IT IS FURTHER ORDERED, that the motion for stay or extension (docket 250) is GRANTED and the dispositive motion deadline is stayed and will be reset following the Order to Show Cause hearing set forth above.

**Memorandum Decision - 4**



DATED: **March 11, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision - 5**