IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PRODUCE ALLIANCE, L.L.C.,<br><br>      Plaintiff,<br><br>      v.<br><br>SHEPPARD PRODUCE, INC.<br>D/B/A S&G PRODUCE COMPANY,<br>et al.,<br><br>      Defendants. | Case No.  1:CV 11-243-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a motion for entry of an order of contempt and sanctions filed by plaintiff Produce Alliance. The Court held a hearing and requested further briefing. That briefing was completed on June 5, 2013, and the motion is at issue. For the reasons described below, the Court will grant a default judgment, and award fees and costs, to Produce Alliance against the Sheppard defendants.

## LITIGATION BACKGROUND

On May 23, 2011, plaintiff Produce Alliance filed this action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), claiming that the Sheppard defendants failed to pay for produce delivered by Produce Alliance, and that defendant D.L. Evans Bank received assets that it must disgorge. The "Sheppard defendants" consist of Sheppard Produce, Inc. d/b/a S&G Produce, Stanley R. Sheppard

**Memorandum Decision - 1**

(individually), Stanley R. Sheppard in his capacity as the Personal Representative to the Estate of Marilyn C. Sheppard, and Sheppard Transportation, LLC.

During discovery, Produce Alliance alleged that the Sheppard defendants were either not responding or providing incomplete responses to Produce Alliance's discovery requests. Produce Alliance filed a motion for order to show cause, seeking an order that the Sheppard defendants show cause why they should not be held in contempt and sanctioned for their failure to provide discovery responses. The Court granted that motion, and held a show cause hearing on May 20, 2013, where the Court heard argument from counsel. At the conclusion of the hearing, the Court stated from the bench that the discovery abuse allegations were largely unrebutted, but that an issue remained as to the remedy. The Court requested further briefing, which was completed on June 5, 2013, and the matter is now at issue.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. Pursuant to Rule 37(b)(2)(A), if a party fails to obey an order "to provide or permit discovery," the Court may issue further "just orders," including "rendering a default judgment against the disobedient party." In addition, Rule 37(b)(2)(C) authorizes the Court to order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, "unless the failure was substantially justified or other circumstances make an

**Memorandum Decision - 2**

award of expenses unjust."

The Ninth Circuit has identified five factors that this Court must consider before declaring a default under Rule 37: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Dreith v. Nu Image, Inc.,* 648 F.3d 779, 788 (9th Cir. 2011). In addition, in order to warrant a sanction of default, the party's violations of the court's orders must be due to wilfulness, bad faith, or fault of the party. *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585 (9th Cir. 1983).

The loss or destruction of relevant documents may trigger sanctions under the doctrine of spoliation. *Unigard Security Insurance Co. v. Lakewood*, 982 F.2d 363 (9th Cir. 1992). If the destruction occurs before litigation is filed, the sanctions are governed by the inherent power of the Court to make evidentiary rulings in response to the destruction of relevant evidence. *Id.* If, however, the spoliation occurs after the case is filed, Rule 37(b)(2) governs the sanctions. *Id.*

## ANALYSIS

Early in this case, on June 15, 2011, the Court entered a Consent Injunction and Agreed Order Establishing PACA Trust Claims Procedure ("PI Order"). *See PI Order (Dkt. No. 25).* It enjoined the Sheppard defendants from transferring or dissipating any assets, and required them to "provide Plaintiff with access to the business books and records of S&G Produce Company, including, without limitation, all invoices, credit

**Memorandum Decision - 3**

memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists and vendor invoices."

When Sheppard failed to respond adequately, the Court entered another Order setting forth another deadline for Sheppard to comply. Again, the response was incomplete.

For example, Produce Alliance asked for Sheppard's bank statements, canceled checks, and other financial documents for its bank accounts from 2009. Sheppard's response instructed Produce Alliance to subpoena these documents from the banks. Rule 34(a) authorizes Produce Alliance to request documents "within [Sheppard's] possession, custody or control." Even if Sheppard does not have possession of its canceled checks, they are certainly under its control; Sheppard could obtain them from its bank and produce them. If that is too burdensome, or if the records are actually not under its control, Sheppard could have explained that in its response and/or filed a motion for protective order under Rule 26(b). But Sheppard apparently decided instead to simply not produce the documents. That option is nowhere authorized by the Rules.

Sheppard made the same insufficient response to a request for all documents "establishing the source of funds used to pay any mortgage or loan secured by the real property" located at a certain address in Twin Falls, owned by Sheppard. Sheppard responded, "[d]o not have such." Once again, these are the type of documents that would typically be under the control of Sheppard even if not in its possession, and should have been produced. At the very least, Sheppard should have explained why the documents

Memorandum Decision - 4

were not under its control or were too burdensome to produce.

As another example, Produce Alliance asked for all documents relating to the relationship between Sheppard Produce and Sheppard Transportation. Sheppard Produce responded, "[t]he only relationship was that Sheppard Transportation hauled produce for S&G Produce." Later, Sheppard Transportation responded – well after the deadline set by the Court – that it had no relationship with S&G Produce. Yet balance sheets provided by the Sheppard defendants include as an asset a loan to Sheppard Transportation having a value of $40,000. In addition, defendant Stanley Sheppard is the principal of both S&G Produce and Sheppard Transportation. This at least raises an issue as to whether trust assets were transferred from S&G Produce to Sheppard Transportation, and therefore makes the relationship between the entities fair game for discovery. Moreover, there is a substantial question raised as to whether Sheppard Transportation's response – that there is no relationship – is incomplete.

It was not until May 16, 2013 – one day prior to the show cause hearing – that defense counsel revealed that many of the documents requested by Produce Alliance had been destroyed. At the hearing, defense counsel represented that during an auction of assets, financial records of S&G Produce were taken out of file cabinets so that the cabinets could be sold. The documents were placed on the floor of the auction house and then disappeared. Counsel did not know what happened to them.

This all took place in January of 2012, according to defense counsel. That was over 6 months after the Court had issued the PI Order requiring Sheppard to turn over all

**Memorandum Decision - 5**

of its financial records to Produce Alliance. Sheppard clearly violated the Court's Orders when it not only failed to produce the records to Produce Alliance, but then failed to take reasonable steps to preserve the financial documents which resulted in their being lost or destroyed.

The loss of these financial documents is highly prejudicial to Produce Alliance. The existing financial documentation is quite sparse, but even so, it provides hints that S&G Produce improperly transferred assets to Sheppard Transportation and other entities. However, without the full financial picture, Produce Alliance cannot develop the evidence it needs to trace and recover these assets. In other words, the Sheppard defendants, by violating Court Orders, have prevented Produce Alliance from pursuing its case.

This is precisely the situation where Rule 37 authorizes default. While the Court recognizes the policy of deciding cases on their merits, the Sheppard defendants have made it impossible to do so. The destruction of documents forecloses Produce Alliance's ability to prove its case. This is highly prejudicial to Produce Alliance, contrary to the public's interest in the fair and efficient resolution of disputes, and contemptuous of the Court's need to manage its docket. Finally, the loss of the documents leaves no less drastic option available. Hence, default is warranted under the five-part test discussed above. *Dreith,* 648 F.3d at 788. Accordingly, the Court will enter a default judgment, jointly and severally, against the Sheppard defendants in accordance with Rule 37(b)(2)(A)(vi).

**Memorandum Decision - 6**

The amount of the judgment is a simple mathematical calculation. In an earlier decision, the Court resolved the objections to the claims of the PACA creditors and deemed the claims valid. *See Memorandum Decision (Dkt. No. 169)*. Over the course of this case, funds have been deposited in the PACA Trust Fund, and the Court has ordered three different distributions to PACA creditors. Subtracting the amount the PACA creditors received in these distributions from the total amount of their claims leaves about $700,000 still due and owing. Produce Alliance has identified the remaining amounts that will pay in full each PACA creditor, and there has been no objection to those figures. *See Chart (Dkt. No. 279-1)*. The Court will distribute the remaining funds accordingly.

Produce Alliance seeks $31,633.57 in attorney fees it incurred in this discovery dispute. Contrary to defendants' objections, Produce Alliance has explained how this sum was calculated in sufficient detail. *See Declaration of Counsel (Dkt. No. 276-3)*. The Court finds this sum reasonable because the Sheppard defendants' recalcitrance forced counsel for Produce Alliance to work for over a year in a vain effort to obtain relevant documents. Pursuant to the Rule 37 standard discussed above, the Court will award this sum to Produce Alliance.

Produce Alliance also seeks to impose continuing discovery obligations on the Sheppard defendants. While Produce Alliance acknowledges that a judgment against the Sheppard defendants might preclude the Court from imposing such obligations, Produce Alliance asks for a stay of the judgment until defendants' discovery obligations were fulfilled. However, given the sanctions already imposed – a default judgment along with

**Memorandum Decision - 7**

fees and costs – the Court can find no reason to pile on additional obligations. Accordingly, the Court will deny this request by Produce Alliance. The Court can find no just reason to delay entry of the judgment under Rule 54(b).

Finally, defendant Sheppard Transporation received $36,483.65 at the auction of its assets. Finding no objection, the Court will order Sheppard Transportation to place that sum in the PACA Trust Fund for distribution to the PACA creditors.

The default judgment will run only against the Sheppard defendants and not against defendant D.L. Evans Bank. Because the dispute between the Bank and Produce Alliance continues, the default judgment will not close the case.

The Court will issue a separate Judgment as required by Rule 58(a).

DATED: **July 1, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision - 8**